Haig B. Kazandjian, Esq. Bar No. 278622
haig@hbklawyers.com
Cathy Gonzalez, Esq. Bar No.: 310625
cathy@hbklawyers.com
David Van Pelt, Esq., SBN: 163690
david@hbklawyers.com
**HAIG B. KAZANDJIAN LAWYERS, APC**
801 North Brand Boulevard, Suite 1015
Glendale, California 91203
Telephone: 1-818-696-2306
Facsimile: 1-818-696-2307

*Attorneys for* PLAINTIFF KYLE DERSHEM
individually and on behalf of all persons similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE DERSHEM, individually, and on behalf of all persons similarly situated<br><br>        Plaintiff,<br><br>   vs.<br><br>WESTMED AMBULANCE, INC., GLOBAL MEDICAL RESPONSE, INC; and DOES 1 through 50, inclusive,<br><br>        Defendants. | **Case No.: 2:25-cv-01050-GW-DFM**<br>**[***Assigned to Hon. George H. Wu, Courtroom 9D***]**<br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND PENALTIES**<br><br>1. **FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF LABOR CODE § 510;**<br>2. **FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF LABOR CODE § 1182.12, 1194, 1197, AND 1197.1;**<br>3. **FAILURE TO PROVIDE MEAL PERIODS IN VIOLATION OF LABOR CODE § 226.7 AND 512;**<br>4. **FAILURE TO KEEP ACCURATE AND PROVIDE ITEMIZED WAGE STATEMENTS IN VIOLATION OF LABOR CODE § 226 AND THE I.W.C. WAGE ORDERS;**<br>5. **FAILURE TO PAY WAITING TIME PENALTIES IN** |

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

6. **FAILURE TO TIMELY PAY EARNED WAGES IN VIOLATION OF LABOR CODE § 204 AND 210**

7. **FAILURE TO PROVIDE REST PERIODS IN VIOLATION OF LABOR CODE § 226.7 AND THE I.W.C. WAGE ORDERS**

8. **FAILURE TO REIMBURSE BUSINESS EXPENSES IN VIOLATION OF LABOR CODE § 2800 AND 2802;**

9. **FAILURE TO PAY REPORTING TIME PAY IN VIOLATION OF I.W.C. WAGE ORDERS;**

10. **FAILURE TO PAY SPLIT SHIFT WAGES IN VIOLATION OF I.W.C. WAGE ORDERS;**

11. **FAILURE TO PROVIDE NOTICE OF PAID SICK TIME AND ACCRUAL IN VIOLATION OF LABOR CODE § 246;**

12. **UNLAWFUL BUSINESS PRACTICES IN VIOLATION OF BUS. & PROF. CODE § 17200, *ET SEQ.***

**DEMAND FOR JURY TRIAL**

PLAINTIFF KYLE DERSHEM ("REPRESENTATIVE PLAINTIFF" or "PLAINTIFF"), individually, and on behalf of other members of the general public similarly situated, alleges as follows:

## **INTRODUCTION**

1.    This is a Class Action, pursuant to California Code of Civil Procedure

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

§382 on behalf of PLAINTIFF and other non-exempt current and former employees employed by WESTMED AMBULANCE, INC., GLOBAL MEDICAL RESPONSE, INC and DOES 1 through 50, inclusive, (collectively "DEFENDANTS"). DEFENDANTS were joint employers of PLAINTIFF in that they were operating as joint enterprises and both suffered and permitted PLAINTIFF to work for each of them; controlled PLAINTIFF's hours and working conditions; controlled PLAINTIFF's wages; made the decision to hire PLAINTIFF and had control of termination of PLAINTIFF's employment and therefore jointly employed PLAINTIFF. DEFENDANTS are collectively hereinafter referred to as "DEFENDANTS".

2.     This is a civil action seeking recovery for DEFENDANTS' violations of the California Labor Code ("Labor Code") including, but not limited to, §1194, et seq., §1197, §200 et seq., Labor Code §500 et seq., California Business and Professions Code ("B& PC") §17000 et seq. and §17200, et seq., the applicable Wage Order(s) issued by the California Industrial Welfare Commission (hereinafter, the "IWC Wage Order(s)") and related common law principles.

3.     PLAINTIFF's action seeks monetary damages, including, but not limited to, full restitution from DEFENDANTS as a result of DEFENDANTS' unlawful, fraudulent and/or unfair business practices. The acts complained of herein occurred, occur and will occur, at least in part, within the time period from four (4) years preceding the filing of PLAINTIFF's complaint, up to and through the time of trial for this matter.

## RELEVANT EMPLOYEES

4.     The relevant employees are DEFENDANTS' current and former employees, who were or are employed in California who were or are paid on an hourly non-exempt basis for the date of filing this time period of October 8, 2020 through the date of judgment.

5.     The obligations and responsibilities of DEFENDANTS' current and

former non-exempt, hourly paid employees employed in California by DEFENDANTS are virtually identical from location to location and employee to employee.

6. Any differences in job activities between the different individuals in these positions were and are legally insignificant to the issues presented by this action.

## SUMMARY OF CLAIMS

7. With regard to DEFENDANTS' California based non-exempt, hourly paid current and former employees, DEFENDANTS have established a time-keeping policy which does not compensate said employees for the time they actually worked. As a result, DEFENDANTS have failed to pay for all wages due, including overtime wages for all hours worked and failed to pay the required minimum wage for all hours worked. Further, DEFENDANTS have failed to provide timely uninterrupted 30-minute meal periods or to pay a premium payment in lieu thereof; failed to provide paid rest periods or to pay a premium payment in lieu thereof; failed to timely furnish accurate itemized wage statements; failed to reimburse for business expenses; violated Labor Code §203; failed to timely pay earned wages; failed to pay reporting time pay; failed to pay split shift wages; failed to provide notice of paid sick time and accrual; conducted unfair business practices; and individually caused Labor Code violations.

## PARTIES

8. REPRESENTATIVE PLAINTIFF is an individual who resides in California and was employed by DEFENDANTS from on or about December 1, 2016 until on or about April 30, 2022.

9. REPRESENTATIVE PLAINTIFF is informed and believes, and based on such information and belief, alleges that at all times mentioned herein, WESTMED AMBULANCE, INC. is a California Corporation, licensed to do business and actually doing business in the State of California.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

10. REPRESENTATIVE PLAINTIFF is informed and believes, and based on such information and belief, alleges that at all times mentioned herein, GLOBAL MEDICAL RESPONSE, INC is licensed to do business and actually doing business in the State of California.

11. REPRESENTATIVE PLAINTIFF is informed and believes, and based on such information and belief, alleges that DEFENDANT WESTMED AMBULANCE, INC. provides ambulance transportation to over medical facilities in California. Thus, DEFENDANT is subject to the applicable California laws as alleged throughout this Complaint.

12. REPRESENTATIVE PLAINTIFF is informed and believes, and based on such information and belief, alleges that DEFENDANT GLOBAL MEDICAL RESPONSE, INC operates to deliver medical care, primarily in the areas of emergency and patient relocation services, in the United States, including California. Thus, DEFENDANT is subject to the applicable California laws as alleged throughout this Complaint.

13. At all relevant times, DEFENDANTS were employers whose employees are engaged throughout the State of California and were the employer of PLAINTIFF within the meaning of all applicable California state laws and statutes.

14. REPRESENTATIVE PLAINTIFF is unaware of the true names and capacities, whether corporate, individual, or otherwise, of DEFENDANTS named as DOES 1 though 50 inclusive.  Pursuant to California Code of Civil Procedure section 474, REPRESENTATIVE PLAINTIFF will seek leave of court to amend this complaint to state said DEFENDANTS' true names and capacities when the same have been ascertained. REPRESENTATIVE PLAINTIFF is informed and believes, and based on such information and belief, alleges that said fictitiously-named DEFENDANTS are responsible in some manner for the injuries and damages to REPRESENTATIVE PLAINTIFF as further alleged herein.

DEFENDANTS were joint employers of PLAINTIFF in that they were operating as joint enterprises and both suffered and permitted PLAINTIFF to work for each of them; controlled PLAINTIFF's hours and working conditions; controlled PLAINTIFF's wages; made the decision to hire PLAINTIFF and had control of PLAINTIFF's employment; and therefore jointly employed PLAINTIFF.

15. REPRESENTATIVE PLAINTIFF is informed, believes, and thereupon alleges, that at all times herein mentioned, DEFENDANTS ratified each and every act or omission complained of herein.

16. DEFENDANTS, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings, and circumstances alleged in this Complaint.

17. DEFENDANTS, and each of them, are now and/or at all times mentioned in this Complaint were, the agents, servants, and/or employees of some or all other DEFENDANTS, and vice versa, and in doing the things alleged in this Complaint, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control of DEFENDANTS, and each of them.

18. DEFENDANTS are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

19. DEFENDANTS, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership, and common enterprise.

20. DEFENDANTS, and each of them, at all times mentioned in this Complaint concurred and contributed to the various acts and omissions of each and every one of the other DEFENDANTS in proximately causing the complaints, injuries, and/or damages alleged in this Complaint. DEFENDANTS, and each of

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

them, at all times mentioned in this Complaint approved of, condoned, and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

21. DEFENDANTS, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other DEFENDANTS, thereby proximately causing the damages alleged in this Complaint.

22. PLAINTIFF seeks penalties unpaid wages, penalties and other compensation from DEFENDANTS for the relevant time period because DEFENDANTS have:

a. failed to pay all wages due including overtime wages for all hours worked;

b. failed to pay the required minimum wage for all hours worked;

c. failed to provide meal periods;

d. failed to provide paid rest periods;

e. failed to provide accurate wage statement(s);

f. failed to provide itemized wage statement(s);

g. failed to timely pay earned wages;

h. violated Labor Code § 201, 202, 203;

i. failed to reimburse for business expenses;

j. failed to pay reporting time pay;

k. failed to provide notice of paid sick time and accrual;

l. Conducted unfair business practices; and

m. Individually caused labor code violations.

## VENUE AND JURISDICTION

23. Venue is proper under California Code of Civil Procedure section 395 and under California Government Code section 12965(b), in that PLAINTIFF's injuries were incurred within the County of LOS ANGELES, the actions giving

rise to REPRESENTATIVE PLAINTIFF's complaint arose within the County of LOS ANGELES, and DEFENDANTS are located in the County of Los Angeles and/or do business in the County of LOS ANGELES.

24. Further, this class action is brought pursuant to the California Code of Civil Procedure section 382. The monetary damages and restitution sought by PLAINTIFF exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

25. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the Superior Court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

26. This Court has jurisdiction over DEFENDANTS because, upon information and belief, DEFENDANTS are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally availed themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

27. Venue is proper in this Court because, upon information and belief, DEFENDANTS maintain offices, have agents, and/or transact business in the State of California, County of LOS ANGELES. The majority of the acts and omissions alleged herein relating to the other class members took place in the State of California, including the County of LOS ANGELES.

28. The California Superior Court also has jurisdiction in this matter because the individual claims of the members of the Classes herein are under the seventy-five thousand ($75,000) jurisdictional threshold for Federal Court and the aggregate claim is under the five million dollar ($5,000,000) threshold of the Class Action Fairness Act of 2005 ("CAFA"). Further, there is no federal question at

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

issue, as the issues herein are based solely on California statutes and law, including the Labor Code, IWC Wage Order(s), CCP, and Business & Profession Code.

### **GENERAL ALLEGATIONS**:

29.   CCP §382 provides in pertinent part: "... [W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all.

30.   PLAINTIFF brings this suit as a class action pursuant to CCP § 382, on behalf of individuals who are entitled to the monies unlawfully withheld by DEFENDANTS. This is a Class Action Complaint, on behalf of PLAINTIFF and all other persons similarly situated who worked for DEFENDANTS in California from the earliest period in the applicable statute of limitations through judgment, as non-exempt, hourly employees for: (i) failure to pay straight and overtime compensation in violation of Labor Code sections 223, 510, 1194, and 1199; (ii) failure to pay minimum wages; (iii) failure to provide meal periods in violation of Labor Code sections 226.7 and 512; (iv) failure to provide itemized wage statements in violation of Labor Code section 226; (v) failure to keep accurate payroll records in violation of Labor Code sections 226 and the IWC Wage Orders; (vi) for failure to timely pay earned wages in violation of Labor Code sections 204 and 210; (vii) failure to pay waiting time penalties in violation of Labor Code section 203; (viii) failure to provide rest breaks; (ix) failure to reimburse business expenses; (x) failure to pay reporting time pay; (xi) failure to pay split shift wages; (xii) failure to provide notice of paid sick time and accrual; (xiii) unlawful business practices in violation of Bus. & Prof. Code section 17200 *et seq*.; and (xiv) individual liability for Labor Code violations.

31.   For at least four (4) years prior to the filing of this complaint and through to the present, DEFENDANTS have had a consistent policy of failing to pay for all straight and overtime hours worked by the DEFENDANTS' non-

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

exempt, hourly California employees in violation of California law, including, but not limited to, due to pre-shift, post-shift, and other off-the-clock work. DEFENDANTS have also automatically deducted 30 minutes of work time each day from REPRESENTATIVE PLAINTIFF and the putative class members pay each day. Additionally, DEFENDANTS utilized a pay system which improperly rounded time to the detriment of the REPRESENTATIVE PLAINTIFF and the putative class members. DEFENDANTS rounded the actual time worked and recorded by REPRESENTATIVE PLAINTIFF and the putative class members usually down, so that during the course of their employment, REPRESENTATIVE PLAINTIFF and the putative class members were paid far less than they would have been paid had they been paid for their actual work time rather than rounded time.  DEFENDANTS also failed to properly calculate the regular rate of pay for overtime, meal/rest premiums, paid sick leave, and reporting time pay.

32.   For at least four (4) years prior to the filing of this complaint and through to the present, DEFENDANTS have had a consistent policy of failing to provide to its non-exempt, hourly employees with itemized wage statements that included all of the required categories of information.  This included both not including at all one or more of the required categories, or including such categories but providing information therein that was not accurate.

33.   PLAINTIFF, on behalf of herself and all class members, brings this action pursuant to California Labor Code sections 203, 204, 223, 226, 226.7, 510, 1194, and 1199 seeking unpaid minimum, straight, and overtime wages, compensation for unprovided and/or legally inadequate meal and rest periods, reporting time pay, penalties, injunctive and other equitable relief, interest, and reasonable attorneys' fees and costs pursuant to Labor Code sections 218.5, 218.6 and 1194 and any and all other applicable law.

34.   PLAINTIFF, on behalf of herself and all class members, pursuant to Business and Professions Code sections 17200-17208, also seeks injunctive relief,

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

restitution, and disgorgement of all benefits DEFENDANTS enjoyed from their failure to correctly pay straight and overtime wages for all hours worked, unprovided meal periods, and any and all other injuries suffered as a result of the DEFENDANTS' failure to timely pay all wages due.

## **STATEMENT OF FACTS**

35.  DEFENDANTS employed PLAINTIFF and other persons as hourly-paid, non-exempt employees within the State of California. PLAINTIFF was hired as a 911 Dispatcher from on or about December 1, 2016 until on or about April 30, 2022.

36.  DEFENDANTS had the authority to hire and terminate PLAINTIFF and the putative class members, to set work rules and conditions governing PLAINTIFF's and the other class members' employment, and to supervise their daily employment activities.

37.  DEFENDANTS directly hired and paid wages and benefits to PLAINTIFF and the putative class members.

38.  DEFENDANTS continue to employ hourly-paid, non-exempt employees at their locations within the State of California.

39.  PLAINTIFF and the putative class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with DEFENDANTS.

40.  Throughout PLAINTIFF's employment with DEFENDANTS, PLAINTIFF used his personal cell phone for work related activities without being reimbursed. As one example, on or about November 18, 2021, PLAINTIFF was working for unit 501 in Westlake Village. PLAINTIFF used his personal cellphone for navigation while transporting a patient to Los Robles Medical Center in Thousand Oaks. PLAINTIFF had to constantly use his personal cell phone for work related calls and navigation without reimbursement.

41.  PLAINTIFF is informed and believes, and based thereon alleges, that

DEFENDANTS knew or should have known that PLAINTIFF and the putative class members were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime and other compensation.

42. DEFENDANTS did not pay REPRESENTATIVE PLAINTIFF, the putative class members, and other aggrieved employees for all hours worked. The reasons that these employees were not paid for all hours worked include, but are not limited to, requiring employees to work off-the-clock, rounding time to employees' detriment, not allowing employees to clock in while working, automatically deducting time for legally inadequate meal periods, and improperly calculating hours worked and amounts due, including failing to pay all required wages at the regular rate of pay (whether overtime, meal/rest premiums, paid sick leave, or reporting time), such that employees were not paid for all time that they were subject to DEFENDANTS' control or that they were suffered or permitted to work.

43. DEFENDANTS did not provide REPRESENTATIVE PLAINTIFF, the putative class members, and other aggrieved employees with off-duty meal periods as required by California law. These shortcomings included, but were not limited to, having written policies that failed to inform employees of the meal period requirements, discouraging or preventing employees from taking off-duty meal periods, interrupting meal periods, failing to ensure adequate staffing such that employees were too busy to take meal periods, not allowing employees to leave the premises during meal periods, and not accurately recording meal periods, such that employees were not relieved of duty and resulting in meal periods that were missed, short, or late.

44. REPRESENTATIVE PLAINTIFF was required to work between 24 hours to 48 hours straight without a compliant meal break or rest break. On one occasion in or about November 2021, PLAINTIFF recalls having to transport sick covid patients without a break. PLAINTIFF recalls being provided food by

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

supervisors, and being required to eat on the clock.

45.   PLAINTIFF is informed and believes, and based thereon alleges, that DEFENDANTS knew or should have known the PLAINTIFF and the putative class members were entitled to receive all meal periods or payments of one additional hour of pay at PLAINTIFF's and the putative class members' regular rate of pay when a meal period was missed, and they did not receive all meal periods of payment of one additional hour of pay at PLAINTIFF's and the other class members' regular rate of pay when a meal period was missed.

46.   DEFENDANTS did not authorize and permit PLAINTIFF, the putative class members, and other aggrieved employees to take off-duty rest periods as required by California law.  These shortcomings included, but were not limited to, having written policies that failed to inform employees of the rest period requirements, discouraging or preventing employees from taking off-duty rest periods, interrupting rest periods, failing to ensure adequate staffing such that employees were too busy to take rest periods, and not allowing employees to leave the premises during rest periods, such that rest breaks regularly failed to comply with California law.

47.   PLAINTIFF is informed and believes, and based thereon alleges, that DEFENDANTS knew or should have known that PLAINTIFF and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at PLAINTIFF's and the other class members' regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at PLAINTIFF and the other class members' regular rate of pay when a rest period was missed.

48.   DEFENDANTS did not provide accurate itemized wage statements to employees.  DEFENDANTS routinely failed to provide PLAINTIFF, the putative class members, and other aggrieved employees with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

hours worked, overtime hours worked and paid, all deductions made, net wages earned, all applicable and accurate hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, employer name and address, and inclusive dates of each pay period, in violation of California Labor Code § 226 and § 6 and 7 of the applicable IWC Wage Orders.  Finally, DEFENDANTS also failed to provide the amount of supplemental COVID-19 paid sick leave taken and available on its wage statements, all in violation of Labor Code § 226, 246, 248.1, 248.2 and 248.6.

49.    In addition to directly failing to include the required categories of information, PLAINTIFF asserts a derivative theory of liability for inaccurate wage statements based on the same facts underlying her other causes of action.  As just one example, the number of hours that the employees actually spent working for DEFENDANTS that is listed on the wage statements is also incorrect because of DEFENDANTS' failure to record and compensate its employees for all the time that they are under the employer's control pursuant to the Companies' illegal rounding policy, and because DEFENDANTS auto-deducted 30 minutes each day from their employees' pay for meal periods that were not provided. Thus, the total earnings and the number of hours listed on the employee's pay stubs are incorrect as they do not include the hours worked in the pay that the employees should have received.  As another example, PLAINTIFF's and the putative class members' wage statements also failed to list all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by these employees because of the DEFENDANTS' failure to pay all required overtime.   Likewise, PLAINTIFF's and the putative class members' wage statements also failed to pay and list split shift wages and paid sick time accrual.

50.    PLAINTIFF is informed and believes, and based thereon alleges, that at all material times set forth herein, DEFENDANTS were advised by skilled lawyers and other professionals, employees, and advisors knowledgeable about

California and federal labor and wage law and employment and personnel practices, and about the requirements of California and federal law.

51.  PLAINTIFF was not paid his final wages within 72 hours of resigning with DEFENDANTS. PLAINTIFF received his final paycheck in three (3) installments, on May 2, 2022, May 5, 2022, and May 9, 2022.

52.  PLAINTIFF is informed and believes, and based thereon alleges, that DEFENDANTS knew or should have known that PLAINTIFF and the putative class members were entitled to receive all wages owed to them upon discharge or resignation, including straight-time, overtime, minimum wages, and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

53.  PLAINTIFF is informed and believes, and based thereon alleges, that DEFENDANTS knew or should have known that PLAINTIFF and the putative class members were entitled to receive all wages owed to them during their employment. PLAINTIFF and the putative class members did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under the California Labor Code.

54.  PLAINTIFF is informed and believes, and based thereon alleges, that DEFENDANTS knew or should have known that DEFENDANTS had to keep complete and accurate payroll records for PLAINTIFF and the putative class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

55.  PLAINTIFF is informed and believes, and based thereon alleges, that DEFENDANTS knew or should have known that PLAINTIFF and the putative class members were entitled to reimbursement for necessary business-related expenses, including, but not limited to, cell phone, mileage, and uniform reimbursement. However, DEFENDANTS did not reimburse employees for all necessary business-related expenses.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

56.   PLAINTIFF is informed and believes, and based thereon alleges, that DEFENDANTS knew or should have known that they had a duty to compensate PLAINTIFF and the putative class members pursuant to California law, and that DEFENDANTS had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to PLAINTIFF and the putative class members that they were properly denied wages, all in order to increase DEFENDANTS' profits.

57.   The California Supreme Court opinion in *Ferra v. Loews Hollywood Hotel, LLC* holds that, similar to the requirement that employers pay overtime at the "regular rate of pay" (which includes commissions, bonuses or other nondiscretionary pay), employers are required to pay meal and rest break premiums at a regular rate that includes commissions, bonuses or other non-discretionary pay. PLAINTIFF alleges that DEFENDANTS failed to include the non-discretionary bonuses in its calculations for overtime pay and for meal and/or rest period penalties.

58.   The California Supreme Court in *Naranjo v. Spectrum Security Services, Inc.* held that missed-break premium pay is wages subject to the Labor Code's timely payment and reporting requirements, and it can support section 203 waiting time penalties and section 226 wage statement penalties.

59.   California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly…for any wages or penalty due to him [or her] under this article."

## **CLASS ACTION ALLEGATIONS**

60.   The putative classes PLAINTIFFs will seek to certify are currently composed of and defined as follows:

61.   **Overtime Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former employees, employed during the relevant

time period (as defined, supra) to whom DEFENDANTS failed to pay overtime wages (hereinafter, the "Overtime Class");

62. **Rounding Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who were subject to DEFENDANTS rounding policies and practices. (hereinafter, the "Rounding Class");

63. **Minimum Wage Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) to whom DEFENDANTS failed to pay minimum wages (hereinafter, the "Minimum Wage Class");

64. **Meal Period Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who were not provided a legally adequate meal period for each day in which such employees worked five (5) hours or more and were not provided compensation by DEFENDANTS of one (1) hour of pay at their regular rate of compensation for each workday that a meal period was not provided (hereinafter, the "Meal Period Class");

65. **Rest Period Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who were not provided a legally adequate rest period for each day in which such employees were not provided a 10-minute rest break for every four (4) hours of work, or every major fraction thereof as employees were not provided compensation by DEFENDANTS of one (1) hour of pay at their regular rate of compensation for each workday that rest breaks were not provided (hereinafter, the "Rest Period Class");

66. **Auto-Deduct Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra), who worked time that was automatically deducted

from their pay (hereinafter, the "Auto Deduct Class");

67. **Timely Payment Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who did not receive all wages owed to them on time in compliance with Labor Code Section 204.

68. **Waiting Time Penalties Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who did not receive all wages owed to them at the time of termination or resignation (hereinafter, the "LC203 Class");

69. **Failure to Keep Accurate Pay Records Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who were not provided with accurate and complete time keeping records that recorded all work periods, the total numbers of hours worked, and correct wages owed (hereinafter, the "Pay Records Class");

70. **Itemized Wage Statement Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who did not receive an itemized wage statement that listed the correct straight and/or overtime number of hours that the employee worked in the pay period, the correct corresponding rates of pay, the correct gross and net wages earned, and/or correct name and address of the legal entity that is their employer (hereinafter, the "Itemized Wage Statement Class");

71. **Failure to Reimburse Business Related Expenses Class**. All of DEFENDANTS' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who did not receive all wages owed for necessary business-related expenses and costs in accordance with California Labor Code sections 2800 and 2802 (hereinafter, the "Business Expense Class");

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

72. **Failure to Pay Reporting Time Pay Class**. All of DEFENDANTS' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who did not properly receive reporting time pay in accordance with the I.W.C. Wage Orders;

73. **Failure to Pay Split Shift Wages Class**. All of DEFENDANTS' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who did not receive split shift wages in violation of the IWC Wage Orders;

74. **Failure to Provide Notice of Paid Sick Time and Accrual Class**. All of DEFENDANTS' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who did not receive notice of paid sick time and accrual in violation of Labor Code §246;

75. PLAINTIFF reserves the right under Rule 1855(b) of the California Rules of Court to amend or modify the class descriptions with greater specificity or further division into subclasses or limitation to particular issues.

76. This action has been brought and may properly be maintained as a class action under the provisions of Section 382 of the California Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable.

**A.** **Numerosity**

77. The potential members of the Classes as defined are so numerous that joinder of all the members of the Classes is impracticable. While the precise number of class members for each Class has not been determined at this time, PLAINTIFF is informed and believes that DEFENDANTS currently employ, and during the relevant time periods employed, at least 50 employees in the State of California, in non-exempt positions throughout California, who are or have been affected by DEFENDANTS' policy of: (1) failing to pay overtime and for all time worked; (2) failing to provide employees with legally adequate meal and rest

periods; (3) failing to pay all wages at termination; (4) failure to reimburse business expenses; (5) failure to pay minimum wages; (6) failure to provide and keep accurate wage statements and records; (7) failure to pay waiting time penalties; (8) failure to timely pay earned wages; (9) failure to pay reporting time pay; (10) failure to pay split shift wages; (11) failure to provide notice of paid sick time and accrual.

78. Upon information and belief, PLAINTIFF alleges that DEFENDANTS' employment records will provide information as to the number and location of all members of the Classes.

## B. Commonality

79. There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

(a) Whether DEFENDANTS properly paid employees for all straight and overtime hours worked in accordance with Labor Code sections 510, 11832.12, 1194, 1197, 1197.1, and the IWC Wage Orders;

(b) Whether DEFENDANTS violated Labor Code Sections 512, 226.7, and the IWC Wage Orders by failing to properly provide meal periods of at least 30 off-duty minutes within the first 5 hours of their shift for employees working more than 5 hours in a day, and a second meal period to employees that worked over 10 hours in a day; and if so, whether DEFENDANTS failed to timely compensate said employees for one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

(c) Whether DEFENDANTS violated Labor Code Sections 512, 226.7, and the IWC Wage Orders by failing to authorize or permit rest periods of at least 10 off-duty minutes for every four (4) hours of their employees shifts or every major fraction thereof; and if so, whether DEFENDANTS failed to timely compensate said employees for one (1) hour of pay at each employee's regular

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

1    rate of compensation for each workday that a meal period was not provided;

2        (d)    Whether DEFENDANTS violated Labor Code Sections 201-204 by

3    failing to pay straight and/or overtime wages, and compensation for denied and/or

4    unprovided meal periods due and owing at the time that any class member's

5    employment with DEFENDANTS terminated;

6        (e)    Whether DEFENDANTS' time rounding policy and practices ensured

7    that DEFENDANTS paid the legal straight time pay, minimum wage pay and/or

8    overtime pay for all hours worked by PLAINTIFF and the putative class members;

9        (f)    Whether DEFENDANTS violated Labor Code section 226 for their

10   failure to furnish their employees with an accurate, legally adequate, itemized

11   wage statement;

12       (g)    Whether DEFENDANTS violated Labor Code sections 2800 and

13   2802 for their failure to reimburse their employees for all necessary business-

14   related expenses;

15       (h)    Whether DEFENDANTS violated Labor Code sections 226, 1174(d),

16   and the IWC Wage Orders by failing to keep accurate time records;

17       (i)    Whether DEFENDANTS violated Labor Code sections 204 and 210

18   for failing to timely pay earned wages;

19       (j)    Whether DEFENDANTS violated the IWC Wage Orders by failing to

20   pay reporting time pay;

21       (k)    Whether DEFENDANTS violated the IWC Wage Orders by failing to

22   pay split shift wages; and

23       (l)    Whether DEFENDANTS violated Labor Code section 246 for failing

24   to provide notice of paid sick time and accrual.

25       (m)    Whether DEFENDANTS violated Labor Code section 558.1 for

26   causing aforementioned labor code violations.

27   ///

28   ///

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

### C.   **Typicality**

80.   The claims of PLAINTIFF are typical of the claims of the Classes. PLAINTIFF and all members of the Classes sustained injuries and damages arising out of and caused by DEFENDANTS' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged therein.

### D.   **Adequacy of Representation**

81.   PLAINTIFF is an adequate representative of the Classes PLAINTIFF seeks to represent; will fairly protect the interests of the members of the Classes; has no interests antagonistic to the members of the Classes; will fairly and adequately represent and protect the interests of the members of the Classes; and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type. Counsel who represents the REPRESENTATIVE PLAINTIFF are competent and experienced.

### E.   **Superiority of Class Action**

82.   A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Classes. Each member of each Class has been damaged and is entitled to recovery by reason of DEFENDANTS' illegal policy and/ or practice of failing to legally compensate class members as alleged above.

83.   Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  PLAINTIFF is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

# FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

## IN VIOLATION OF CALIFORNIA LABOR CODE §§ 510)

## (By PLAINTIFF Against DEFENDANTS and DOES 1 through 50, inclusive)

84.   On behalf of the putative class, PLAINTIFF incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

85.   DEFENDANTS have had a consistent policy of failing to pay straight and overtime wages in violation of California state wage and hour laws by not paying overtime to PLAINTIFF and the putative class members when they work over eight (8) hours in a day and/or 40 hours in a workweek, as well as for the first eight (8) hours of work on the seventh consecutive day of work within a workweek. DEFENDANTS also have their employees work without payment, including, but not limited to, 30 minutes of work time that DEFENDANTS automatically deducted each day for meal periods that were never provided and which are not legally adequate. Additionally, employees were not paid for all of the time that they spent working under their employer's control due to DEFENDANTS' improper rounding practices and policy.

86.   PLAINTIFF was required to work between 24 hours and  48 hours straight without a meal break or rest break. PLAINTIFF believes he was not properly compensated for overtime worked on those occasions, one of which occurred in or about November 2021.

87.   As a result of the unlawful acts of DEFENDANTS, PLAINTIFF and the putative class members have been deprived of their full straight and/or overtime wages in amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code sections 218.5, 510, 1194, 1197, and 1199.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

## SECOND CAUSE OF ACTION

### (FAILURE TO PAY MINIMUM WAGES

### IN VIOLATION OF LABOR CODE §§ 1182.12, 1194, 1197, 1197.1 AND IWC WAGE ORDERS)

### (By PLAINTIFF Against DEFENDANTS and DOES 1 through 50, inclusive)

88.   On behalf of the putative class, PLAINTIFF incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

89.   Pursuant to Labor Code §1197, payment of less than the minimum wage fixed by the Labor Commission is unlawful.

90.   Pursuant to the California Department of Industrial Relations: the applicable minimum wage for any employer who employs 26 or more employees is:

(A) From January 1, 2017, to December 31, 2017, $10.50 per hour.

(B) From January 1, 2018, to December 31, 2018, $11 per hour.

(C) From January 1, 2019, to December 31, 2019, $12 per hour.

(D) From January 1, 2020, to December 31, 2020, $13 per hour.

(E) From January 1, 2021, to December 31, 2021, $14 per hour.

(F) From January 1, 2022, to December 31, 2022, $15 per hour.

(G) From January 1, 2023, to December 31, 2023, $15.50 per hour.

(H) From January 1, 2024, and until adjusted by subdivision (c) $16.00 per hour.

91.   DEFENDANTS, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by DEFENDANTS, failed to pay PLAINTIFF and the putative class members for all hours worked, which resulted in the members of the Minimum Wage Class

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

earning less than the legal minimum wage in the State of California.  One such incident occurred in November 2021.

92.    DEFENDANTS' pattern and practice in uniform administration of corporate policy regarding DEFENDANTS' failure to pay the legal minimum wage to the members of the Minimum Wage Class as described herein is unlawful and creates entitlement, pursuant to Labor Code §1194(a), to recovery by the members of the Minimum Wage Class, in a civil action, for the unpaid balance of the full amount of the unpaid minimum wages owed, calculated as the difference between the straight-time compensation paid and the applicable minimum wage, including interest thereon.

93.    Pursuant to Labor Code §1194.2(a) (which provides that in any action under Labor Code §1194, an employee shall be entitled to recover liquidated damages) the members of the Minimum Wage Class seek recovery of liquidated damages on the straight-time portion of uncompensated hours of work (not including the overtime portion thereof) in an amount equal to the wages unlawfully unpaid and interest thereon.

94.    Pursuant to Labor Code §218.6, Labor Code §1194(a) and CC §3287, the members of the Minimum Wage Class seek recover of pre-judgment interest on all amounts recovered herein.

95.    Pursuant to Labor Code §1194(a), the members of the Minimum Wage Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

///

///

///

///

///

///

**THIRD CAUSE OF ACTION**

**(FAILURE TO PROVIDE MEAL PERIODS**

**IN VIOLATION OF LABOR CODE §§ 226.7, 512, AND IWC WAGE**

**ORDERS)**

**(By PLAINTIFF Against DEFENDANTS and DOES 1 through 50,**

**inclusive)**

96. On behalf of the putative class, PLAINTIFF incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

97. DEFENDANTS do not have a compliant written meal period policy and/or do not provide its employees with meal periods consistent with the requirements of Labor Code section 512. By employing these individuals for work periods of more than five (5) hours and ten (10) hours per day without providing legally adequate meal periods (such as short, on-duty, late, interrupted, or missed meal periods), and failing to provide compensation for unprovided and/or legally inadequate meal periods, as alleged above, DEFENDANTS violated the provisions of Labor Code sections 512 and 226.7. As a result of the unlawful acts of DEFENDANTS, PLAINTIFF and the putative class members have been deprived of premium wages in amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226.7 and 512, as well as the I.W.C. Wage Orders.

98. REPRESENTATIVE PLAINTIFF was required to work between 24 hours to 48 hours straight without a meal break and rest break. As one example, in or about November 2021, PLAINTIFF recalls having to transport sick covid patients without a break. PLAINTIFF recalls being provided food by Supervisors, and being required to eat on the clock.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

## FOURTH CAUSE OF ACTION

## (FAILURE TO KEEP ACCURATE AND PROVIDE ITEMIZED WAGE STATEMENTS IN VIOLATION OF LABOR CODE §§ 226, AND THE IWC WAGE ORDERS)

## (By PLAINTIFF Against DEFENDANTS and DOES 1 through 50, inclusive)

99.    On behalf of the putative class, PLAINTIFF incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

100.  Section 226(a) of the California Labor Code requires DEFENDANTS to provide itemized wage statements at the time of payment of wages which include, but are not limited to, the following: gross wages earned; the correct total hours worked by the employee; the correct net wages earned; the inclusive dates of the period for which the employee is paid; the name and address of the correct legal entity that is the employer; and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

101.  PLAINTIFF contends that he and the putative class members have been injured by DEFENDANTS' failure to provide all of the requisite information on its itemized wage statements in that such failure, *inter alia:* (1) masks possible and actual underpayments to DEFENDANTS' employees; (2) makes it difficult for DEFENDANTS' employees to verify that they have in fact been paid the proper amounts owing for all hours worked; and (3) makes it difficult for PLAINTIFF to identify his true employer for purposes of this litigation. Said conduct was done knowingly and intentionally, since DEFENDANTS are aware of California law, and with the design to harm PLAINTIFF and the putative class members.

102.  At all times relevant during the liability period, PLAINTIFF and the

putative class members were employees of DEFENDANTS covered by Labor Code section 226 and the Wage Orders.

103. Pursuant to Labor Code section 226, DEFENDANTS were required to furnish each of their employees with an accurate itemized statement reflecting, *inter alia,* total number of hours worked and wages earned. DEFENDANTS were also required to keep an accurate record of the beginning and end of all work periods for its employees, including off-duty meal periods.

104. PLAINTIFF is informed, believes, and based thereon alleges, that at all times relevant during the liability period, DEFENDANTS maintained a policy and/or practice of utilizing an "auto-deduct" system whereby thirty (30) minutes were automatically deducted from the hours worked by PLAINTIFF and the putative class members on a daily basis, whether or not a 30 minute off-duty meal period was actually provided or taken. DEFENDANTS also did not record and pay the time that its employees spent under their control, as the company utilized improper rounding policies and practices which resulted in the under payment of wages to PLAINTIFF and the putative class members, and inaccurate wage statements.

105. DEFENDANTS failed to pay PLAINTIFF and Hourly Employee Class Members an additional hour of pay at their regular rate of compensation for each date on which it failed to provide legally compliant rest periods and/or meal periods. One such incident occurred in November 2021. As set forth in *Naranjo v. Spectrum Security Services, Inc.,* missed-break premium pay are wages subject to the Labor Code's timely payment and reporting requirements; thus DEFENDANTS failure to pay PLAINTIFF and the putative class members constitutes a violation of California Labor Code Section 226.

106. As a result of DEFENDANTS' unlawful conduct, PLAINTIFF and the putative class members have suffered damages in an amount subject to proof at trial. The precise amount of unpaid wages is not presently known to PLAINTIFF,

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

but can be determined directly from DEFENDANTS' records or indirectly based on information from DEFENDANTS' records.

107. Pursuant to Labor Code sections 218.5 and 218.6, PLAINTIFF and the putative class members are entitled to recover the full amount of their unpaid wages, interest thereon, reasonable attorneys' fees, and costs of suit.

## FIFTH CAUSE OF ACTION

### (FAILURE TO PAY WAITING TIME PENALTIES
### IN VIOLATION OF LABOR CODE §§ 201, 202, AND 203)
### (By PLAINTIFF Against DEFENDANTS and DOES 1 through 50, inclusive)

108. On behalf of the putative class, PLAINTIFF incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

109. California Labor Code section 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge. California Labor Code section 202 requires an employer of an employee who quits to pay all compensation due and owing to that employee not later than 72 hours thereafter, unless the employee gave 72 hours previous notice of the intention to quit, in which case the employee is entitled to wages at the time of quitting.

110. California Labor Code section 203 provides that if an employer willfully fails to pay compensation promptly upon separation from employment, as required by either Sections 201 or 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to 30 work days.

111. DEFENDANTS willfully failed and refused to timely pay all straight time wages, overtime, and meal break compensation to PLAINTIFF and the putative class members whose employment terminated. As a result, DEFENDANTS are liable to PLAINTIFF and the putative class members for

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

waiting time penalties, together with interest thereon and attorneys' fees and costs, under Labor Code section 203.

112.  PLAINTIFF was not paid his final wages within 72 hours of resigning with DEFENDANTS. PLAINTIFF received his final paycheck in three (3) installments, on May 2, 2022, May 5, 2022, and May 9, 2022.

113. DEFENDANTS failed to pay PLAINTIFF and Hourly Employee Class Members an additional hour of pay at their regular rate of compensation for each date on which it failed to provide legally compliant rest periods and/or meal periods. As set forth in *Naranjo v. Spectrum Security Services, Inc.* 2022 WL 1613499) missed-break premium pay are wages subject to the Labor Code's timely payment and reporting requirements, thus DEFENDANTS failure to pay PLAINTIFF and the putative class members constitutes a violation of California Labor Code Section 201-203.

114.  As a result of DEFENDANTS' unlawful conduct, PLAINTIFF and putative class members have suffered damages in an amount, subject to proof at trial, to the extent they were not paid all wages due each pay period. The precise amount of unpaid wages is not presently known to PLAINTIFF but can be determined directly from DEFENDANTS' records or indirectly based on information from DEFENDANTS' records.

115.  Pursuant to Labor Code sections 218.5 and 218.6, PLAINTIFF and the putative class members are entitled to recover the full amount of their unpaid wages, interest thereon, reasonable attorneys' fees and costs of suit.

## SIXTH CAUSE OF ACTION

### (FAILURE TO TIMELY PAY EARNED WAGES
### IN VIOLATION OF LABOR CODES § 204 AND 210)
### (By PLAINTIFF Against DEFENDANTS and DOES 1 through 50,
### inclusive)

116.  PLAINTIFF re-alleges each paragraph of this Complaint as though

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

1  fully set forth herein.

2  117.  California Labor Code § 204 requires biweekly payment of wages

3  for all employees except salaried executive, administrative and professional

4  employees covered by the Fair Labor Standards Act, whom it requires employers

5  to pay at least once per month.

6  118.  DEFENDANTS failed to pay PLAINTIFF and putative class

7  members an additional hour of pay at their regular rate of compensation for each

8  date on which it failed to provide legally compliant rest periods and/or meal

9  periods.  One such incident occurred in November 2021. As set forth in *Naranjo*

10  *v. Spectrum Security Services, Inc,.* missed-break premium pay are wages subject

11  to the Labor Code's timely payment and reporting requirements, thus

12  DEFENDANTS failure to pay PLAINTIFF and putative class members

13  constitutes a violation of California Labor Code Section 204.

14  119.  California Labor Code § 210 makes any person subject to civil

15  penalties by failing to pay employees as required by California Labor Code §

16  204.

17  120.  PLAINTIFF and putative class members are entitled to recover $100

18  for DEFENDANTS' initial violation, and $200 for each subsequent violation,

19  plus twenty percent of the amount of wages unlawfully withheld.

20  **SEVENTH CAUSE OF ACTION**

21  **(FAILURE TO PROVIDE REST PERIODS IN VIOLATION OF LABOR**

22  **CODE § 226.7 & IWC WAGE ORDERS)**

23  **(By PLAINTIFF Against DEFENDANTS and DOES 1 through 50,**

24  **inclusive)**

25  121.  On behalf of the putative class, PLAINTIFF incorporates by

26  reference and realleges each and every one of the allegations contained in the

27  preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

28  122.  At all times herein set forth, the California IWC Order and California

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

1  Labor Code section 226.7 was applicable to PLAINTIFF and the putative class

2  members employed by DEFENDANTS.

3      123.  At all times herein set forth, California Labor Code section 226.7

4  provides that no employer shall require an employee to work during any rest

5  period mandated by an applicable order of the California IWC.

6

7      124.  During the relevant time period, DEFENDANTS required

8  PLAINTIFF and the putative class members to work four (4) or more hours

9  without authorizing or permitting a ten (10) minute rest period per each four (4)

   hour period worked, or major fraction thereof.

10     125.  During the relevant time period, DEFENDANTS willfully required

11 PLAINTIFF and the other class members to work during rest periods and failed

12 to pay PLAINTIFF and the other class members the full rest period premium for

13 work performed during rest periods.  One such incident occurred in November

14 2021.

15     126.  During the relevant time period, DEFENDANTS failed to pay

16 PLAINTIFF and the putative class members the full rest period premium due

17 pursuant to California Labor Code section 226.7.

18     127.  DEFENDANTS' conduct violates applicable IWC Wage Orders and

19 California Labor Code section 226.7.

20     128.  Pursuant to the applicable IWC Wage Orders and California Labor

21 Code section 226.7(b), PLAINTIFF and the putative class members are entitled

22 to recover from DEFENDANTS one (1) additional hour of pay at the employees'

23 regular hourly rate of compensation for each work day that the rest period was

24 not provided.

25 ///

26 ///

27 ///

28 ///

**HAIG B. KAZANDJIAN LAWYERS, APC**
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

## **EIGHTH CAUSE OF ACTION**

**(FAILURE TO REIMBURSE BUSINESS EXPENSES**

**IN VIOLATION OF LABOR CODE §§ 2800 and 2802)**

**(By PLAINTIFF Against DEFENDANTS and DOES 1 through 50,**

**inclusive)**

129.  On behalf of the putative class, PLAINTIFF incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

130. PLAINTIFF and the putative class members incurred necessary business-related expenses and costs that were not fully reimbursed by DEFENDANTS, including, but not limited to, electricity and internet charges while employees worked from home, personal cell-phone usage, travel expenses, and parking expenses.

131. Throughout PLAINTIFF's employment with DEFENDANTS, PLAINTIFF used his personal cell phone for work related activities without being reimbursed. As one example, on or about November 18, 2021, Plaintiff was working for unit 501 in Westlake Village. PLAINTIFF used his personal cellphone for navigation while transporting a patient to Los Robles Medical Center in Thousand Oaks. PLAINTIFF had to constantly use his personal cell phone for work related calls and navigation.

132. DEFENDANTS have intentionally and willfully failed to reimburse PLAINTIFF and the putative class members for all necessary business-related expenses and costs. PLAINTIFF and the putative class members are entitled to recover from DEFENDANTS their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

# NINTH CAUSE OF ACTION

## (FAILURE TO PAY REPORTING TIME PAY
## IN VIOLATION OF IWC WAGE ORDERS)

## (By PLAINTIFF Against DEFENDANTS and DOES 1 through 50, inclusive)

133.  On behalf of the putative class, PLAINTIFF incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

134.  California Code of Regulations, Title 8, Division 1, Chapter 5, Group 2, Article 5, section 11050(5)(A) provides that for each workday when an employee is required to and does in fact report to work, but is either not put to work or is furnished less than half of said employee's usual scheduled day's work, that employee should be paid for no less than half, and in no event less than two (2) hours, of the employees' regular rate of pay.

135. Throughout PLAINTIFF's and the putative class members' employment, they were told by DEFENDANTS to report to work and was either not put to work or was furnished less than half of their usual scheduled day's work.

136. DEFENDANTS routinely failed to pay the required reporting time wages to PLAINTIFF and the putative class members for each of these instances.

137.  Pursuant to the foregoing, PLAINTIFF and the putative class members are entitled to all wages wrongfully withheld, civil penalties, attorney's fees, costs, and interest thereon, pursuant to Labor Code sections 1197.1 and/or any and all other applicable law.

///
///
///
///
///

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

## TENTH CAUSE OF ACTION

## (FAILURE TO PAY SPLIT SHIFT WAGES

## IN VIOLATION OF IWC WAGE ORDERS)

## (By PLAINTIFF Against DEFENDANTS and DOES 1 through 50,

## inclusive)

138.  On behalf of the putative class, PLAINTIFF incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

139.  California Code of Regulations Title 8, Division 1, Chapter 5, Group 2, Article 5, 11050(4)(C) provides that when an employee works a "split shift", one (1) hour's pay at the State or local minimum wage (whichever is greater) must be paid in addition to the minimum wage for that workday.

140.  A "split shift" is defined as a work schedule which is interrupted by non-paid, non-working periods established by the employer, other than *bona fide* rest or meal periods.

141.  DEFENDANTS routinely scheduled PLAINTIFF and the putative class members for multiple different shifts throughout the same workday, separated by periods other than *bona fide* rest or meal breaks.

142.  DEFENDANTS failed to pay PLAINTIFF and the putative class members one (1) hour's pay at the applicable minimum wage, which resulted in PLAINTIFF and the putative class members being paid less than the applicable minimum wage.

143.  As a further consequence, DEFENDANTS also failed to separately list "split shift" payments on PLAINTIFF's and the putative class members' wage statements.

144.  Pursuant to the foregoing, PLAINTIFF and the putative class members are entitled to recover all wages wrongfully withheld, civil penalties, attorney's fees, costs, and interest thereon, pursuant to Labor Code sections

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

1197.1 and/or any and all other applicable law.

## ELEVENTH CAUSE OF ACTION

### (FAILURE TO PROVIDE NOTICE OF PAID SICK TIME AND ACCRUAL IN VIOLATION OF LABOR CODE §246)

### (By PLAINTIFF Against DEFENDANTS and DOES 1 through 50, inclusive)

145. On behalf of the putative class, PLAINTIFF incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

146. California Labor Code section 246 provides that an employee who works for the same employer for more than 30 days is entitled to paid sick days. Paid sick leave is to accrue at a rate not less than one (1) hour per every 30 hours worked, such accrual beginning at the commencement of employment. Employers must provide employees with written notice setting the amount of sick leave available (or paid time off in lieu thereof) for use on either itemized wage statements (as described in Labor Code section 226) or in a separate writing accompanying such wage statements.

147. PLAINTIFF and other putative class members worked for DEFENDANTS for more than 30 days, triggering the protections of Labor Code section 246 as described above. Nevertheless, DEFENDANTS failed to furnish upon PLAINTIFF and other putative class members, either on itemized wage statements or in a separate writing accompanying such wage statements, the amount of sick leave available to PLAINTIFF and other putative class members. This defect occurred in each wage statement received by PLAINTIFF.

148. As such, DEFENDANTS unlawfully retained and continue to retain paid sick leave that should have been paid to PLAINTIFF and other putative class members but for DEFENDANTS' failure to properly institute and/or adhere to a legally compliant paid sick leave program. PLAINTIFF is informed

and believes, and based thereon alleges, that these practices were experienced and continue to be experienced by the other putative class members.

## TWELFTH CAUSE OF ACTION

### (UNLAWFUL BUSINESS PRACTICES
### IN VIOLATION OF BUS. & PROF. CODE § 17200, *ET SEQ.*)
### (By PLAINTIFF Against DEFENDANTS and DOES 1 through 50, inclusive)

149. On behalf of the putative class, PLAINTIFF incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

150. DEFENDANTS' failure to correctly pay wages as alleged herein, failure to keep accurate time records, and failure to compensate for overtime and unprovided meal periods constitute unlawful activity prohibited by Business and Professions Code section 17200, *et seq.,* including, but not limited to, Sections 17200, 17202, and 17203.

151. The actions of DEFENDANTS in failing to pay PLAINTIFF and the putative class members in a lawful manner as alleged herein constitute false, unfair, fraudulent and/or deceptive business practices, within the meaning of Business and Professions Code section 17200, *et seq.*

152. As a result of its unlawful acts, DEFENDANTS have reaped and continue to reap unfair benefits at the expense of PLAINTIFF and the putative class members. DEFENDANTS should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to PLAINTIFF and the putative class members the wrongfully withheld wages pursuant to Business and Professions Code section 17203. PLAINTIFF is informed and believes, and based thereon alleges, that DEFENDANTS are unjustly enriched through their failure to pay all earned wages and compensation for unprovided meal periods to PLAINTIFF and the putative class members.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

153. PLAINTIFF is informed and believes, and based thereon alleges, that PLAINTIFF and the putative class members are prejudiced by DEFENDANTS' unfair practices.

154. As a direct and proximate result of the unfair business practices of DEFENDANTS, PLAINTIFF and the putative class members are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages, which have been unlawfully withheld from PLAINTIFF and the putative class members as a result of the business acts and practices described herein, and enjoin DEFENDANTS to cease and desist from engaging in the practices described herein.

155. The illegal conduct alleged herein is believed to be continuing, and there is no indication that DEFENDANTS will not continue such activity into the future. PLAINTIFF, on behalf of the putative class, alleges that if DEFENDANTS are not enjoined from the conduct set forth in this complaint, they will continue to fail to pay the correct wages, will continue to require employees to work during meal periods, will continue to fail to pay employees the correct rate of pay and for all hours worked, will continue to fail to provide legally adequate meal periods, and will continue to fail to provide appropriate compensation as described herein.

156. THEREFORE, REPRESENTATIVE PLAINTIFF and the individuals he seeks to represent request relief as described below:

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against DEFENDANTS, and each of them, as follows:

1. Certification of the case as a class action on behalf of the proposed Classes, designation of PLAINTIFF as representative of the proposed Classes and designation of his counsel of record as Class Counsel;

2.    For wages, damages, and equitable relief for all harm PLAINTIFF and the putative class members have sustained as a result of DEFENDANTS' conduct, according to proof;

3.    For restitution and disgorgement of unjust enrichment to PLAINTIFF and members of the putative class;

4.    For a preliminary and permanent injunction against DEFENDANTS and their directors, officers, owners, agents, successors, employees, and representatives—and any and all persons acting in concert with them—from engaging in the unlawful practices, policies, customs, and usages set forth herein;

5.    For a declaratory judgment that the practices complained of in this Complaint are unlawful and violate applicable law;

6.    For attorney fees and costs incurred in the investigation, filing, and prosecution of this action;

7.    Pre-judgment and post-judgment interest, as provided by law; and

8.    For such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: May 1, 2025        **HAIG B. KAZANDJIAN LAWYERS, APC**

By: _/s/ David Van Pelt_____
    Haig B. Kazandjian, Esq.
    Cathy Gonzalez, Esq.
    David Van pelt, Esq.
    *Attorneys for PLAINTIFF KYLE DERSHEM*

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

# **DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a trial by jury.


Dated: May 1, 2025          **HAIG B. KAZANDJIAN LAWYERS, APC**


By:      /s/ David Van Pelt
Haig B. Kazandjian, Esq.
Cathy Gonzalez, Esq.
David Van Pelt, Esq.
*Attorneys for PLAINTIFF KYLE*
*DERSHEM*